ANDRÉ BIROTTE JR.
United States Attorney
LEON W. WEIDMAN
Assistant United States Attorney
Chief, Civil Division
KRISTEN M. LEE (SBN 239464)
Assistant United States Attorney
    Room 7516, Federal Building
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-0332
    Facsimile: (213) 894-7819
    Email: Kristen.Lee@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>EDWARD WOO CHEN,<br><br>Defendant. | Case No. CV10-4403 AHM (SSx)<br><br>[~~PROPOSED~~] PROTECTIVE ORDER GOVERNING USE OF PROTECTED INFORMATION AND NON-WAIVER OF PRIVILEGE<br><br>[Discovery Document: Referred to Magistrate Judge Suzanne H. Segal] |

**STIPULATED ORDER GOVERNING USE OF PROTECTED**
**INFORMATION AND NON-WAIVER OF PRIVILEGE**
**("STIPULATED ORDER")**

///
///
///

## I. PURPOSE OF STIPULATED ORDER GOVERNING THE USE OF PROTECTED INFORMATION

The discovery to be conducted in this case will require the parties, Plaintiff United States of America (the "United States") and Defendant Edward Woo Chen ("Defendant"), to disclose Protected Information (as defined herein). The United States and Defendant are referred to collectively herein as the "Parties" and individually as a "Party."

2. This Stipulated Order governs the use of Protected Information during all discovery and pre-trial proceedings in this case and allows for the disclosure thereof pursuant to the terms herein.

3. The terms "Document" and "Documents" as used herein shall have the broadest possible meaning pursuant to Federal Rule of Civil Procedure 34(a), including electronically stored information. The term "Document" shall include, without limitation, written or printed matter of any kind, including originals, conforming copies, and non-conforming copies (e.g., a copy of an original with an added notation). The terms "Document" and "Documents" shall also include, without limitation, correspondence, letters, reports, summaries, spreadsheets, invoices, memoranda, notes, messages, communications, telexes, cables, telecopies, telegrams, facsimiles, e-mails, microfilm, compact disks (CDs), digital versatile disks (DVDs), photographs, charts, graphs, maps, drawings, prints, and films and all manner of electronic data processing storage.

## II. GOOD CAUSE STATEMENT

4. The Parties agree that disclosure of the following categories of documents containing information covered under by the Privacy Act of 1974 and/or the Right to Financial Privacy Act of 1978 must be protected in this litigation in order to avoid irreparable harm to the privacy rights of the Parties or third parties:

///

a.  Documents that contain or may contain information protected from disclosure by the United States Government by the provisions of the Privacy Act of 1974, 5 U.S.C. § 552a, et seq. ("Privacy Act"), including but not limited to financial information, mortgage files, loan applications, and deposition transcripts of non-parties; and

b.  Documents that contain or may contain information protected from disclosure by the Right to Financial Privacy Act of 1978, 12 U.S.C. §3401 et seq. ("RFPA"), including but not limited to financial information, mortgage files, loan applications, and deposition transcripts of non-parties.

## III. DESIGNATION OF PROTECTED INFORMATION

5.  Whenever counsel for either Party believes that Documents that have been produced in this action by a Party or a non-party, formally or informally, contain or may contain information as described in Paragraph 4(a) or (b) above (hereinafter "Material"), he or she may designate such Material as containing Protected Information by affixing on the Material the legend **"Protected Information."** The designation shall be affixed to each and every page of the Material. For Material produced in a non-paper medium (e.g., videotape, audio tape, computer disks, etc.) where the Documents stored on the medium have not been marked with the legend, the legend shall be affixed to the outside of the medium or its container.

6.  If a Party producing Documents elects to produce them for inspection rather than producing copies, the designation of Protected Information need not be made in advance of the initial inspection by the Party to which the Documents are being produced; the designation instead may be made at or prior to the time that the Documents designated for copying are produced.

7.  All Materials labeled as Protected Information prior to or after the entry of this Stipulated Order shall be considered as designated under and subject to the terms of this Stipulated Order.

3

8. The Parties shall advise all persons who receive Protected Information regarding this Stipulated Order, and all persons receiving copies of Materials designated as Protected Information shall maintain such Protected Information in his or her possession in a manner sufficient to protect such Materials against unauthorized disclosure.

9. Nothing herein shall be construed to preclude either Party from asserting the attorney-client privilege, the work product doctrine, the deliberative process privilege, the law enforcement investigatory privilege, or any other applicable privilege or protection, or from declining to produce Materials, or portions thereof, where the Party deems appropriate. Except as provided in Paragraph 22, below, nothing herein shall be construed to preclude either Party from challenging assertions of privilege or other protections from disclosure in Court pursuant to the Federal Rules of Civil Procedure or any other governing authority.

10. This Stipulated Order is not intended to compromise the rights of any Party to object to discovery pursuant to the Federal Rules of Civil Procedure or any other governing authority, nor is it intended to alter any burden of proof regarding any assertion of privilege or other protection from disclosure in this matter.

## IV. USE OF DOCUMENTS AND OTHER MATERIALS DESIGNATED AS PROTECTED INFORMATION

11. Materials that have been designated as containing Protected Information in accordance with the terms of this Stipulated Order, copies of such Materials, and notes that summarize or discuss such Materials shall be used solely for the purpose of conducting this case and not for any business or other purpose whatsoever by any person having access to such Materials, except as expressly provided herein.

///

12. Except as expressly provided herein, Materials designated as containing Protected Information shall be disclosed only to the Parties, current and former employees of the Parties, attorneys for the Parties and persons employed in such attorneys' offices, or other persons as reasonably necessary for the preparation or trial of this action, including third-party witnesses, independent experts and consultants retained for this litigation, vendors providing litigation support services, the Court and its administrative and clerical staff, mediators or other neutrals appointed by the Court or agreed to by the Parties, court reporters and court videographers designated to record depositions and other proceedings in this action, and interpreters or translators.

13. If a Party wishes to file or lodge with the Court any Material that contains Protected Information, the Party may if practicable redact the Protected Information before filing or lodging the Material. If the Party believes that it is not practicable to redact the Protected Information, or the redacted information is material to the resolution of the matter presented to the Court, the Party must apply to the Court for an order permitting the unredacted Material to be filed or lodged under seal pursuant to Local Rule 79-5.1.

14. Paragraphs 7, 11, 12, 13, and 15 of this Stipulated Order shall not apply to Materials marked or introduced into evidence at trial of this action, or to Materials used in connection with any appeal in this action.

15. Except as provided in Paragraphs 16 and 17, below, if any Party or other person authorized under this Stipulated Order to receive Protected Information receives a subpoena or other request for production or other disclosure of Material, and is aware that the Material has been designated by a Party as containing Protected Information, the Party or person receiving the subpoena or request shall give written notice to counsel for the Party or Parties that designated the Material as Protected Information, identifying the information requested and enclosing a copy of the subpoena or any written request. Such

1  notice shall be given as soon as practicable after receipt of the subpoena or
2  request. If any Party that designated the Material as Protected Information objects
3  to disclosure, that Party shall communicate its objection in writing to the person
4  who propounded the subpoena or request in accordance with Federal Rule of Civil
5  Procedure 45(c)(2)(B), or other applicable federal and/or State laws, or upon such
6  other schedule and in such manner as agreed to in writing by the objecting Party
7  and the party that issued the subpoena or request. Except as provided in
8  Paragraphs 16 and 17 below, if a motion is filed pursuant to Federal Rule of Civil
9  Procedure 45, or other applicable federal and/or State laws, the Party or person
10 who received the subpoena or request shall not disclose the Material designated as
11 containing Protected Information until the matter is decided by a court of
12 competent jurisdiction.

13      16.    Nothing contained in this Stipulated Order shall prevent or in any
14 way limit or impair the right of the United States to disclose to any agency,
15 department, or other component of the United States, any Material designated as
16 containing Protected Information that may reflect or pertain to any potential
17 violation of law or regulation, or any matter within the jurisdiction of that agency,
18 department, or component; nor shall anything contained in this Stipulated Order
19 prevent or in any way limit or impair the right of any agency, department, or
20 component of the United States to use any Protected Information in any
21 proceeding relating to any potential violation of law or regulation, or to any matter
22 within the jurisdiction of that agency, department, or component; provided,
23 however, that the United States shall notify the agency, department, or component
24 of the provisions of this Stipulated Order and that the Protected Information has
25 been produced pursuant to this Stipulated Order.
26 ///
27 ///
28 ///

17. Nothing in this Stipulated Order shall be deemed to preclude the Parties or third parties, on an appropriate showing, from seeking and obtaining from the Court additional protection with respect to the confidentiality of Materials, or from seeking and obtaining from the Court leave to make disclosures of Materials Documents beyond the disclosures permitted by this Stipulated Order.

18. By entering into this Stipulation neither Party thereby agrees that Materials designated by the other Party as Protected Information merit sealing or other special protection, or that the other Party's use of the Protected Information designation on any or all Materials is well founded.

## V. NON-WAIVER OF PRIVILEGE

19. While each of the Parties has undertaken reasonable efforts to identify and withhold from production any Document (or portion thereof) that it believes is privileged or otherwise protected from disclosure, there is a possibility that certain privileged or otherwise protected material may be produced in this action inadvertently.

20. Any inadvertent disclosure of Documents protected by the attorney-client privilege, the work product doctrine, the deliberative process privilege, the investigative files privilege, the Law Enforcement Privilege, or any similar privilege or protection, shall not constitute a waiver of the privilege or protection by the Party that disclosed the Documents (the "disclosing Party"), nor result in a subject matter waiver of any kind, provided the following procedure is followed. Within five (5) business days after the disclosing Party discovers that it has inadvertently produced a Document that is privileged or otherwise protected from disclosure, it shall notify the other Party (the "receiving Party") in writing. Upon receipt of such notice, the receiving Party must (a) promptly return the specified Document and any paper or electronic copies thereof, or (b) promptly

///

///

make reasonable efforts to destroy or delete the Document and all paper and electronic copies thereof, and promptly send written confirmation of the destruction and/or deletion to the disclosing Party.

21.    In the event that a receiving Party discovers that it has received from the disclosing Party a Document that appears to be privileged or otherwise protected from disclosure, the receiving Party shall promptly notify the disclosing Party of that fact in writing.

22.    Subject to the disclosing Party's submission of a timely written notice of inadvertent production in accordance with Paragraph 22, the receiving Party, by entering into this Stipulated Order, waives the right to challenge the disclosing Party's claim of privilege or other protection from disclosure on the ground that the disclosing Party waived the privilege or protection by inadvertent disclosure. By entering into this Stipulated Order, however, the receiving Party does not thereby waive the right to challenge the assertion of privilege or other protection from disclosure on any other ground.

## VI. CONCLUSION OF LITIGATION

23.    Within ninety (90) days after the conclusion of this litigation, each Party shall undertake reasonable and prudent efforts to return to the other Party, or destroy, all Material that the other Party designated as containing Protected Information, except that each Party may maintain one copy of any Material designated as containing Protected Information in its file for this case.

///
///
///

24. Upon final termination of this action, whether by final judgment after all appeals, settlement, dismissal, or other disposition, the provisions of this Stipulated Order shall continue to be binding upon all persons or entities who are subject to the terms hereof, and the Court shall retain jurisdiction for enforcement of this Stipulated Order.

**APPROVED AS TO FORM AND CONTENT:**

DATED: February 1, 2011

ANDRÉ BIROTTE JR.
United States Attorney
LEON W. WEIDMAN
Assistant United States Attorney
Chief, Civil Division

/ s /
KRISTEN M. LEE
Assistant United States Attorney
Attorneys for Plaintiff
UNITED STATES OF AMERICA

DATED: February 1, 2011

Law Offices of Michael S. Goergen

/ s /
MICHAEL S. GOERGEN
Attorneys for Defendant
Edward Woo Chen

**IT IS SO ORDERED.**

Dated: 2/3/11

HON. SUZANNE H. SEGAL
UNITED STATES MAGISTRATE JUDGE